The opinion of the Court was delivered by
O’Neall, J.
The question necessary to be considered in this case is, whether the marital rights of John Nail, the first husband of the complainant, Mrs. Marsh, attached upon her interest in the estate of her father, Andrew Glover, and her mother, Dicey Glover, so as to vest the same in him?
I place both estates on the same footing, not that there is any necessity so to do, from any claim set up by the complainants, but because the defendants have placed their rights on that ground. It is, for them, the least advantageous position which *119 they could have assumed; but if, in that point of view, their rights can be sustained, the complainants’ claim is at an end. There is no doubt about the rule, that if the wife’s rights in property are no more than a chose in action, the husband must reduce it into actual possession to give him a right jure mariti. In this respect, there is no difference between a legal and an equitable chose in action. The case of Byrne vs. Stewart, 3 Eq. Rep., 135, and of Elms vs. Hughes, 3 Eq. Rep., 155, are cases where the personal estate of the wife consisted in a share of an undivided property, to which others, as well as the wife, were entitled, and it was held that this was a mere equitable chose in action, of which there could be no possession until division, and hence, that the marital rights could not attach. It is said, 1 Roper on Husband and Wife, 217, that the husband’s receipt, or possession of his wife’s choses in action, must be in the character of husband, to defeat his wife’s title to them, upon her surviving him. This rule, I am disposed to think, with some qualifications, is the correct one. If the husband of a legatee or distributee is the executor or administrator, it could not be pretended, until the debts were paid, and administration of the estate thus effected, that he held the estate in any other than his representative character; but after the debts are paid, and each legacy or share is ascertained, it would be monstrous to say that his subsequent possession of his wife’s share is in his character of executor or administrator, and not in that of husband. In such a case, how can he divest himself of his character of executor or administrator, and assume that of husband 1 I know of no mode other than that of paying the debts, and ascertaining each legacy or share. In the case under consideration, John Nail administered on the estate of Andrew Glover; before the death of Mrs. Glover he paid the debts : so that, before her death, the estate of Andrew Glover became divisible between her and her daughter, Mrs. Nai^ (now Marsh.) Up to her death the share of the wife was a mere chose in action, not reduced into possession. Upon the death of Mrs. Glover, having no issue but the complainant, she *120 became the sole heiress of her father, Andrew Glover, and of her mother, Dicey Glover’s estates. Of the latter, it is to be presumed there were no debts, or, if there were any, that they became chargeable on the husband, by his subsequent possession of her estate, and holding it as his own. In this state of things, what were the wife’s choses in action ? She was sole heiress of both estates, and entitled to the whole oí each. How was the husband to reduce them into possession? Both estates consisted of slaves, and other tangible personal property. Could he otherwise reduce them into possession, than by possessing himself of the property and treating it as his own? This, it appears to me, was the only course he could pursue, and that, by pursuing it, he actually reduced the wife’s • choses in action into possession. The evidence fully proves that he held the whole property as his own, by actual possession. And as to her choses in action, if the contract or nature of the demand be altered by the husband, this will be a reduction into his possession, sufficient to defeat the wife’s right of survivorship. It is true, in this case, that the wife’s right to possession was a mere equity; but if this equitable chose in action was united, during marriage, with the husband’s actual possession, it would seem that his estate became perfect. In relation to Mrs. Glover’s estate, whether it consisted in a share specifically ascertained, or whether it was an undivided interest in Andrew Glover’s estate, let it be supposed that administration had been granted to a stranger, and he had brought suit, either in Law or Equity, against John Nail, who was in possession. To the suit in Equity, the fact that he, in right of his wife, was entitled to the whole, would have been a sufficient ground to have prevented that Court from depriving him of the possession, except so far as might be necessary for the payment of debts. Against the suit at Law, the same ground would have induced the Court of Equity to grant an injunction. If, therefore, his possession could not have been legally divested, and was in his own right, and not in a representative character, I am satisfied that his marital rights did attach, and that the wife took nothing *121 by survivorship. It seemed to be supposed, that, as to the estate of Mrs. Glover, the fact of her estate having been separated from the rest of the estate of Andrew Glover, would, if true, make some difference in favor of the complainants ; but I don’t think so. Administration is not necessary, in order to reduce the wife’s interest in an intestate estate into possession. It may often happen that the intestate owes no debts, and that all the distributees are of full age: in such a case, if an actual division is made, and actual possession obtained, the share of each feme covert distributee would be vested in her husband. In the case of Hix vs. Cox, decided by the Court of Appeals, December Term, 1828, at Columbia, it was held, that where the distributees of an estate constituted agents to sell the estate of their intestate, and the sale was made ■ and notes taken, but not due or collected, before the death of a fen>.e covert distribu-tee, that this was such a reduction of the wife’s interest in the personal estate into possession, as to vest it in the husband. 1 Roper on Husband and Wife, 216. I am hence satisfied that the husband’s possession was a possession in his own right, and not in a representative character, and that the wife’s right of survivorship is defeated. The bill ought, therefore, to be dismissed, as to the claim set up by the complainants, for the personal estates of either Andrew Glover or Dicey Glover, (deceased,) and it is so ordered; but as it also seeks partition of land and slaves, which, it is conceded, ought to be made, and which, perhaps, has not already been done, the bill ought to be retained. So much of the decree of the Chancellor as entirely dismisses the bill is therefore reversed, and the bill is retained for partition of the land and slaves, to which no objection has been raised.
Johnson and Martin, JJ., concurred.

Decree modified.